# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 19, 2002 Session

## STATE OF TENNESSEE v. CARLOS E. BRYAN

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-1000-308     Timothy L. Easter, Judge**

_____

**No. M2001-02705-CCA-R3-CD - Filed December 11, 2002**

_____

This is yet another case in which the parties have been ensnared in the procedural pitfalls of a certified question of law. Defendant entered a negotiated plea of guilty to possession of over seventy pounds of marijuana with intent to sell or deliver with an agreed sentence of eight years. He attempted to reserve a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(iv), "with the consent of the court," relating to the search and seizure of the contraband. Because the defendant entered a negotiated plea of guilty and neither the judgment nor the order of the court reflects the state's consent to the certified question, we must dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Peter J. Strianse, Nashville, Tennessee, and Kimberly S. Hodde, Madison, Tennessee, for the appellant, Carlos E. Bryan.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Williamson County Grand Jury returned an indictment charging the defendant with possession of over seventy pounds of marijuana with the intent to sell or deliver as a result of the seizure of drugs found in the defendant's automobile. The defendant entered a negotiated plea of guilty to the offense in exchange for an agreed eight-year sentence and attempted to certify a dispositive question of law for appeal. The written documentation relating to the guilty plea specifically states that the negotiated plea of guilty was entered "pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(iv) reserving a dispositive question of law for appeal." The judgment

of conviction specifically states that the plea was entered "pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(iv) reserving a dispositive question of law for appeal." A separate order entered on the same date as the judgment of conviction states that "the Defendant, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(iv), explicitly reserves with the *consent of this Court* the right to appeal a certified question of law that is dispositive of the case. . . . " (Emphasis added). None of the documents reflects that the state also consented to the right to appeal the certified question of law.

The state contends that this court does not have jurisdiction to entertain the appeal. It contends a certified question of law pursuant to a negotiated plea of guilty with an agreed sentence also requires the consent of the state under subsection (i) of Tennessee Rule of Criminal Procedure 37(b)(2) and may not be certified pursuant to subsection (iv), the latter of which only requires the consent of the court. We must agree with the state.

Reservation of a certified question of law with a plea agreement is controlled by Tennessee Rule of Criminal Procedure 37(b)(2)(i), which allows an appeal when "the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the *consent of the state and of the court* the right to appeal a certified question of law that is dispositive of the case. . . ." (Emphasis added). Instead, the defendant attempted to reserve the certified question of law pursuant to subsection (iv), which allows an appeal when "the defendant explicitly reserved with the *consent of the court* the right to appeal a certified question of law that is dispositive of the case. . . except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive." (Emphasis added).

Subsection (iv) "allows the defendant to appeal a certified question of law *without the consent of the district attorney*. This provision would *only apply where there was no plea agreement* and the defendant pled to the charge with the court imposing sentence." Committee Comment, Tenn. R. Crim. P. 37 (emphasis added). It further appears to the court that there is a rational basis for requiring the state's consent to a certified question of law entered pursuant to a plea agreement. In such a situation, the state agrees with the defendant to take a position with regard to the sentence; thus, requiring the state's consent to the certified question of law is logical.

The defendant contends that his guilty plea was entered pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(B) with the eight-year sentence being a non-binding recommendation by the state. Our review of the guilty plea hearing, as well as the guilty plea document, clearly reveals that the eight-year sentence was an agreed sentence entered pursuant to Rule 11(e)(1)(C), which the defendant could have withdrawn if the court rejected the recommendation. Regardless, it would appear that a guilty plea under either subsection 1(B) or 1(C) requires the consent of both the state and the court on the certified question of law. *See* Tenn. R. Crim. P. 37(b)(2)(i) (encompassing any "plea agreement under Rule 11(e)").

Failure to properly reserve a certified question of law will result in the dismissal of the appeal. State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996); State v. Preston, 759 S.W.2d 647,

650 (Tenn. 1988). If the trial court's judgment or order does not expressly reflect the proper consent to the certified question, the question is not properly certified. *See* <u>Preston</u>, 759 S.W.2d at 650. Here, the parties failed to properly certify the question of law, thus requiring the dismissal of the appeal.

We are not unsympathetic to the defendant's plight. All parties knew the guilty plea was based upon the certified question of law. The state voiced no objection to the certified question of law at the time the defendant entered his conditional plea of guilty. Nevertheless, our state supreme court has been unwavering in requiring the dismissal of appeals when the question of law is not properly certified. *See* <u>Pendergrass</u>, 937 S.W.2d at 837-38; <u>State v. Danny Harold Ogle</u>, No. E2000-00421-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 31 (Tenn. Crim. App. Jan. 17, 2001, at Knoxville), *perm. app. denied* (Tenn. June 11, 2001) (Court of Criminal Appeals dismissing the appeal but suggesting the re-examination of the strict requirements of <u>Preston</u>, with the supreme court denying permission to appeal). Accordingly, the appeal is dismissed.

_____

JOE G. RILEY, JUDGE